# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Christina Castillo, | No. CV-14-01962-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Gilbert, City of, et al., | |
| Defendants. | |

On August 6, 2014, Plaintiff Rachel Castillo filed suit against Defendants City of Gilbert, Gilbert Police Chief Tim Dorn, Officer Chad Wright, Officer Geoffrey Soderman, Officer Gary Sweet, Detention Officer Abraham Arvayo, and several unknown individuals. (Doc. 1-1.) The case was removed to this Court. (Doc. 1.) Jocquese Blackwell represented Plaintiff.

On April 28, 2015, Blackwell filed a motion to withdraw as Plaintiff's counsel. (Doc. 22.) On May 27, 2015, the Court held a hearing and granted Blackwell's motion. (Doc. 25.) After Plaintiff failed to appear for a status conference, the Court granted Defendants' motion to dismiss for lack of prosecution. (Doc. 28.)

On June 12, 2015, via conference call, Plaintiff advised the Court that she wished to proceed with her case and was in the process of obtaining new counsel. (Doc. 31.) The Court vacated the previous ruling dismissing the case and provided Plaintiff 30 days to obtain an attorney. (*Id.*) At a July 10, 2015 conference call, Plaintiff informed the

Court that she had not obtained counsel and requested pro bono counsel. (Doc. 33.) The Court directed Plaintiff to file a motion and scheduled a show cause hearing for Blackwell to explain why he had not turned over Plaintiff's case file. On July 24, 2015, Plaintiff failed to appear at the show cause hearing and Blackwell advised the Court that he had mailed the file to Plaintiff but that she did not live at the listed address. (Doc. 36.) The file was returned as undeliverable. (Docs. 39-41.) Plaintiff has not since contacted the Court.

On September 14, 2015, Defendants moved to dismiss the case for failure to prosecute. (Doc. 42.) On October 5, 2015, Defendants filed a subsequent motion for judgment on the pleadings. (Doc. 43.) Plaintiff did not respond to either motion.

Fed. R. Civ. P. 41(b) permits dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Likewise, the Local Rules provide:

> [I]f the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LR Civ 7.2(i). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

Although Plaintiff's case was dismissed for lack of prosecution in May 2015, the Court reopened the case and gave Plaintiff another chance to proceed. However, since that time, Plaintiff failed to appear numerous times for status conferences and show cause hearings, failed to obtain counsel within the time allowed, failed to file a motion to obtain pro bono counsel, and provided the Court with incorrect address information. Plaintiff also failed to respond to either of Defendants' motions. Plaintiff's repeated failure to comply with Court orders and deadlines requires dismissal of this action. Accordingly,

1          **IT IS ORDERED** that Defendants' motion to dismiss, (Doc. 42), and motion for

2     judgment on the pleadings, (Doc. 43), are **GRANTED**.   The Clerk is directed to

3     terminate this action.

4          Dated this 2nd day of November, 2015.

5

6

7

8                                                    _____
                                                     Douglas L. Rayes
9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28